204 N.J. Super. 611 (1985)
499 A.2d 1026
ROSE WARRINGTON, PLAINTIFF-APPELLANT,
v.
RONALD BIRD AND DAN-PAS CORPORATION, INC. T/A DANIEL'S RESTAURANT, DEFENDANTS-RESPONDENTS.
LORRAINE ARNADE, PLAINTIFF-APPELLANT,
v.
RONALD BIRD, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted September 24, 1985.
Decided October 17, 1985.
*612 Before Judges ANTELL, SHEBELL and MATTHEWS.
Targan & Higbee, attorneys for appellant Rose Warrington.
Lipman, Antonelli, Batt & Dunlap, attorneys for appellant Lorraine Arnade.
Horn, Kaplan, Goldberg, Gorny & Daniels, attorneys for respondent Dan-Pas Corporation (Wayne R. Rosenlicht, on the brief).
The opinion of the court was delivered by SHEBELL, J.A.D.
Plaintiffs Rose Warrington and Lorraine Arnade appeal that part of a jury verdict rendered in favor of the defendant Dan-Pas Corporation, Inc. We reverse and remand.
*613 Defendant Dan-Pas Corporation, Inc. operated Daniel's Restaurant on Shore Road, a County roadway in Sommers Point. It provided parking across the street from its establishment on the opposite side of Shore Road.
Plaintiff Rose Warrington, who sought damages for personal injuries, and Edward Arnade, deceased, on whose behalf a claim for wrongful death was brought, arrived with their spouses and two other couples for dinner at the restaurant at about 11 p.m. on June 25, 1978. They parked in the parking lot and crossed the road to enter the restaurant. After dining they left at approximately 12:45 a.m. As they were recrossing Shore Road to the parking lot, the vehicle of the defendant Ronald Bird, travelling at a high rate of speed, struck Mrs. Warrington and Mr. Arnade. Although a substantial verdict was rendered in plaintiffs' favor against Bird, the jury found no cause for action in favor of Dan-Pas.
Plaintiffs assert the court's charge failed to adequately instruct the jury of the restaurant's obligation to its patrons in the circumstances presented. We agree.
Factually, plaintiffs' proofs were that when they left the restaurant and attempted to cross to the parking lot the lighting was "very dim." There was testimony that when the group crossed the road upon arrival there was additional lighting around the premises which was extinguished before they left, causing less light to be cast on the roadway. Further, there was expert testimony that lighting where the patrons had to cross the roadway was less than sufficient for safe passage.
Legally, plaintiffs maintained that it was the obligation of the restaurant to provide reasonably safe passage from the restaurant to the parking lot and that early extinguishing of the lights and failure to provide adequate lighting in the area of the roadway constituted negligence even though the restaurant had no control over the County roadway.
Plaintiffs' counsel took the following exception at the completion of the court's main charge to the jury:

*614 While Your Honor did charge with respect to the duty imposed upon the person in control of a commercial premises, including ingress and egress, coming and going, the charge, I think, should have also incorporated that it also includes public streets and sidewalks where appropriate. I think the failure to incorporate that into coming and going with egress and ingress would leave [sic] the jury to believe we are talking of the building alone.

Counsel for the co-defendant Bird joined in the objection stating:
Your Honor, I join the plaintiffs in this position, especially since Mr. Kaplan in the course of his presentation attempted to draw a distinction between lighting the premises and the responsibility to light the street, and in his closing he mentioned it wasn't the responsibility of his client to light the highway and light the roadway. Clearly the law requires that the business invitor provide adequate lighting in assuring safety even if ingress and egress takes them across a public highway, a public sidewalk.

The court observed:

I agree with your interpretation of the law, all of you, but my thought is that I covered it. Maybe I did not adequately explain to them that it is part of the charge of negligence against Daniels that he failed to light up the actual highway itself, and I think that should be explained. I thought that I did cover it, maybe I didn't.
Bird's counsel replied:
You left the law open insofar as Mr. Kaplan's argument to the jury he had no control and responsibility for the street.
In response to these objections the court gave the following supplemental charge to the jury:
* * * * * * * *
If it isn't already clear, I want to make it clear that one of the allegations here, the charges against Daniels, is that he did not take reasonable precaution to keep his premises in a reasonably-safe condition. And I talked about ingress and egress. You might consider ingress and egress to be the doorway or the sidewalk immediately next to the doorway.

It is the theory and contentions of the plaintiffs and of the defendant, Bird, that Daniels was not only negligent in certain other ways alleged, but was negligent allegedly in not putting out more light into the street where people would have to pass from the restaurant to the parking lot.
Now, Daniels' argument to that has been, as you heard, that they have no duty, as a matter of fact no right, even, to put streetlights up; that that is an obligation that the City or municipality had. And it is the position of Daniels, among other things, that they did what they could do on their property, and they are not responsible for what other people have to do or should do. And, of course, it is the position of the others, as I said, that there is nothing to prevent Daniels Restaurant from doing something to light up that street in a way without them actually approaching onto the public way, they could have shined a light down on the street without putting a light pole up on the highway.

*615 These are the various contentions back and forth, and the fact is that you will have to determine considering all those things whether you feel that there was a duty on the part of Mr. Antolini in the operation of his restaurant, in acting as a reasonably-prudent person would act, to put lights out in that street beyond that which was already there. You will have to consider that among all the evidence in the case to determine whether you feel he acted in a reasonably-prudent manner or not in assessing whether you feel he was negligent or not.
* * * * * * * *
[emphasis ours throughout]
A jury charge must be read as a whole; error will not be found to be reversible where the charge, when so read, adequately conveys the applicable law and cannot be found to confuse or mislead the jury in its duty to decide the case based upon the proofs and the proper law. Latta v. Caulfield, 79 N.J. 128, 135 (1979). The bottom line is whether subjecting the record and the charge to careful scrutiny it can be concluded that any error committed was capable of misleading the jury. Ibid.
The trial judge clearly stated the contention of the plaintiffs to be:
... that Daniels Restaurant contributed to the happening of this accident by failing to take the necessary and proper precautions to protect or give reasonable passage to their customers from his restaurant on one side of Shore Road to the other side of the road where the parking lot was.
The court in presenting the jury with the law to be applied to the proprietor of the restaurant declared:
... The proprietor owes a duty of reasonable care, reasonable care to those who enter the premises upon that invitation to provide a reasonably-safe place to do that which is within the scope of the invitation. Now, the measure of that care has been described as due care under all the circumstances.
* * * * * * * *
Now, in determining the scope of the owner of a commercial property's duty to the plaintiff you must keep in mind that for the protection of the patrons, his patrons, every commercial establishment must maintain its premises, the premises includes the means of ingress and egress to the premises, in a reasonably-safe condition. A proprietor of a business premises has a duty to provide a reasonably-safe place for customers. [emphasis ours]
The court throughout its charge used the terms "ingress and egress into the premises" but never told the jury whether *616 "ingress and egress" includes more than the immediate exit or entrance to the property. The court went on at length describing the duty of the proprietor of a restaurant to provide a reasonably safe place for its customers and finally reiterated:
The basic duty of a proprietor of a premises, as I said, to which the public is invited for business purposes is to exercise reasonable care to see that one who enters his premises upon his invitation has a reasonably-safe place to do that which is within the scope of the invitation.
The court failed to answer for the jury the question of whether or not the duty of the restaurant operator extended to the providing of reasonably safe passage for its patrons across the County road.
It was the obligation of the court to determine the law applicable to the specific facts presented and to tell the jury whether or not the restaurant operator had the obligation to exercise reasonable care for the safety of its patrons in passing over the County highway from and to its parking lot.
Although the court and counsel apparently were in agreement that such duty exists, no cases have specifically decided the issue in this jurisdiction.
Our Supreme Court in 1981 held that commercial landowners are responsible for maintaining in reasonably good condition the sidewalks abutting their property, thereby for the first time imposing liability for a pedestrian's injuries resulting from negligent failure to maintain a sidewalk. Stewart v. 104 Wallace St., Inc., 87 N.J. 146, 157 (1981). Prior thereto this court had held in Nelson v. Great Atlantic & Pacific Tea Co., 48 N.J. Super. 300 (App.Div. 1958) that the operator of a commercial enterprise owes its patrons the duty of reasonable care in the maintenance of parking facilities which it supplies in connection with its business. The Law Division in Merkel v. Safeway Stores Inc., 77 N.J. Super. 535 (Law Div. 1962) held that where patrons of a business must pass over the public sidewalk to utilize the adjacent parking area it provided the duty of exercising reasonable care extends to maintaining the connecting public sidewalk in a safe condition for patrons. The *617 holding in Merkel was limited to responsibility for the direct path from the parking area to the store and conditioned upon the path being within the control of the storekeeper. Id. at 541.
After Stewart, it was held in Jackson v. K-Mart Corp., 182 N.J. Super. 645 (Law Div. 1981) that even where the leasee-operator of a store does not lease or control the public sidewalk connecting its adjacent parking lot and has no responsibility for its maintenance under the lease provisions, the tenant nonetheless has the duty to provide a safe path between the store and parking lot.
We agree that the critical element should not be the question of the proprietor's control over the area to be traversed but rather the expectation of the invitee that safe passage will be afforded from the parking facility to the establishment to which they are invited. Commercial entrepreneurs know in providing the parking facility that their customers will travel a definite route to reach their premises. The benefiting proprietor should not be permitted to cause or ignore an unsafe condition in that route which it might reasonably remedy, whether the path leads along a sidewalk or across a roadway.
Particularly with reference to the facts of the present case, the question of control of the roadway has little bearing. Testimony indicated that lighting placed upon the premises of the restaurant or parking lot might reasonably have illuminated the area and have made motorists more aware of pedestrians crossing the roadway to and from the restaurant and its parking lot. In addition, if the dangers reasonably required, a sign or flashing signal might have been erected on defendant's premises to alert both motorists and patrons of the dangers.
It was the obligation of the trial judge to inform the jury that when a business provides a parking lot across the roadway from its establishment, the duty of the proprietor to exercise reasonable care for the safety of its patrons extends to conditions obtaining at the parking lot and requires that the patrons not be subjected to an unreasonable risk of harm in traversing the expected route between the two locations.
*618 It was up to the trial judge to clearly spell out the obligation of the restaurant operator to exercise reasonable care to provide a safe means of access to and from the parking lot. Merely stating to the jury that the defendant had the obligation to provide a safe means of "egress and ingress" to the premises "left the law open." Thus the jury was left to debate the legal question of whether defendant's duty extended to the exercise of reasonable care for the patrons' safe passage across the roadway.
While the proprietor's duty extends only to unreasonable risks, in this case the proofs were ample that it was a County roadway where traffic might be both heavy and rapid from time to time, with poor illumination and vision obstructions from trees and bushes. In such circumstances, control of the roadway would not be vital to a proprietor's providing proper notice of the danger to motorists and pedestrians or providing illumination on an uninterrupted basis in and about its restaurant and parking lot thereby facilitating a motorist's view of patrons about to cross the roadway.
We reverse and remand for a new trial as to the liability of defendant Dan-Pas only.