221 N.J. Super. 1 (1987)
533 A.2d 398
LISA ROSS, PLAINTIFF-APPELLANT,
v.
KIMBERLY ANN MOORE, DENNIS J. HARKINS, BOROUGH OF HI-NELLA, BOROUGH OF SOMERDALE, ERNEST THOMAS, EFFIE THOMAS AND MARY E. HARKINS, DEFENDANTS, AND STERLING HIGH SCHOOL BOARD OF EDUCATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 15, 1987.
Decided October 28, 1987.
*4 Before Judges FURMAN, LONG and SCALERA.
John C. Eastlack, Jr., argued the cause for appellant (Poplar & Florio, attorneys; Carl D. Poplar on the brief).
R. Alan Aslaksen argued the cause for respondent.
The opinion of the court was delivered by FURMAN, P.J.A.D.
After entry of final judgment against defendants Thomas and Moore pursuant to settlement, plaintiff appeals from summary judgment previously granted in favor of defendant Sterling High School Board of Education (school). We affirm.
Plaintiff was enrolled as a student in an adult education evening course at the school. She paid a tuition fee. On the evening when she was injured, she was to attend her third class. Her husband, who drove her by car, found no available space at the school and parked in a shopping center parking lot opposite the school across Warwick Road, a county road. Plaintiff was walking across Warwick Road, not at an intersection, when she was struck by a car owned by defendants Thomas and driven by defendant Moore. The school's business administrator in his deposition acknowledged awareness that adult evening students parked in the shopping center parking lot and walked across Warwick Road to the school. There is no reference in the record to any prior accident to an adult evening student in crossing Warwick Road to or from class.
On appeal plaintiff's primary theory of governmental tort liability is novel. She argues that the school's motion for summary judgment should have been denied under N.J.S.A. 59:4-2 because public property owned or controlled by the school was in a dangerous condition proximately causing her *5 injury. Recognizing that Warwick Road itself is not owned or controlled by the school, plaintiff's attenuated argument, without supporting authority, is that the school property itself was in a dangerous condition because of its limitation to about 250 parking spaces and the reasonable foreseeability that an adult evening student en route to class, like plaintiff unable to park at the school, would park in the shopping center parking lot opposite the school and from there jaywalk across Warwick Road and be struck by a vehicle.
At oral argument before us, plaintiff conceded that the school parking lot was not itself in a dangerous condition creating a substantial risk of injury when used with due care, N.J.S.A. 59:4-1; and, specifically, that no danger inhered in the school's failure to provide sufficient parking spaces for adult evening students except in combination with the reasonable foreseeability of an accident to an adult evening student forced to park elsewhere.
In applying the Tort Claims Act, N.J.S.A. 59:1-1 et seq., we have consistently rejected the contention that dangerous activities of other persons on public property, even if reasonably foreseeable, establish a dangerous condition of the property itself, Sharra v. City of Atlantic City, 199 N.J. Super. 535, 540-541 (App.Div. 1985); Setrin v. Glassboro State College, 136 N.J. Super. 329, 333-335 (App.Div. 1975).[1]
Plaintiff would go a step beyond Sharra and Setrin and premise governmental liability for a dangerous condition of property upon a dangerous activity by a third party somewhere off the property. That step is not authorized under statute or decisional law. As we have said, no danger inhered in the *6 school's property itself in the relative shortage of parking spaces; no danger was let loose on the school's property which resulted in injury to plaintiff on the adjoining public highway.
Although unnecessary for our decision, we point out that immunity under N.J.S.A. 59:2-3(d) would bar liability for failing to provide sufficient parking spaces, even if contrary to our view, such deficiency is assumed to be a dangerous condition of property. N.J.S.A. 59:2-3(d) provides in pertinent part:
A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably unreasonable.
At oral argument before us, plaintiff urged that summary judgment against her should have been withheld because of a fact issue: whether the school's failure to provide adequate parking spaces for adult evening students was "palpably unreasonable." That argument is counter to the legislative scheme of the Tort Claims Act. Governmental immunity is the rule unless liability is expressly provided in the act itself; a specific immunity, as in N.J.S.A. 59:2-3(d), is only relevant as a bar to a specific liability under the act. N.J.S.A. 59:1-2; McGowan v. Borough of Eatontown, 151 N.J. Super. 440, 446-447 (App.Div. 1977). Governmental tort liability cannot be premised solely, as plaintiff contends, upon the factual inapplicability of an immunity.
Plaintiff also relies generally upon Warrington v. Bird, 204 N.J. Super. 611 (App.Div. 1985) certif. den. 103 N.J. 473 (1986). In Warrington, a fact issue of liability of a restaurant operator was recognized under the circumstance that the restaurant parking lot for patrons was across a public roadway and there may have been inadequate lighting in the area. Plaintiff would impose upon the school a duty parallel to that owed by the restaurant operator in Warrington to provide a "reasonably safe passage" for patrons between the parking lot and the restaurant. Presumably, the school's liability would be *7 premised upon N.J.S.A. 59:2-2: liability of a governmental entity "for injury proximately caused by an act or omission of a public employee within the scope of his employment in the same manner and to the same extent as a private individual under like circumstances."
We do not extend Warrington to the facts of the appeal before us. Warrington is a precedent only that a commercial establishment which provides parking facilities for its patrons across a public roadway has a duty to exercise reasonable care for their safe passage from there to the commercial establishment and back. A readily distinguishing fact is that the school plaintiff attended did not own or provide the parking facility across Warwick Road from the school.
We point out additionally that specific immunities under the Tort Claims Act would be applicable, even if, contrary to our view respondeat superior liability is assumed under Warrington: governmental immunity from liability for failure to provide police or crossing guard protection, N.J.S.A. 59:5-4, and for failure to provide ordinary traffic warning signals or similar devices, N.J.S.A. 59:4-5.
We affirm.
NOTES
[1] A governmental entity may be liable under N.J.S.A. 59:4-2 when a substantial risk of injury was created by a defect in its property in combination with a reasonably foreseeable act of negligence or vandalism by a third party, Speaks v. Jersey City Housing Auth., 193 N.J. Super. 405, 412 (App.Div. 1984) certif. den. 97 N.J. 655 (1984). That is not this case.