256 N.J. Super. 247 (1992)
606 A.2d 1108
JANE MacGRATH, PLAINTIFF-APPELLANT,
v.
LEVIN PROPERTIES, T/A BLUE STAR SHOPPING CENTER, DEFENDANT-RESPONDENT, AND BARBARA J. SALDINO, SALVATORE CAVALLERO AND PATRICIA McFADDEN, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued March 3, 1992.
Decided April 27, 1992.
*248 Before Judges O'BRIEN, HAVEY and CONLEY.
Ronald B. Grayzel argued the cause for appellant (Levinson, Axelrod, Wheaton & Grayzel, attorneys; Ronald B. Grayzel, of counsel and on the brief with Alan Hempel).
Timothy J. Jaeger argued the cause for respondent (McDonough, Korn & Eichhorn, attorneys; Peter L. Korn, of counsel and on the brief with Timothy J. Jaeger).
The opinion of the court was delivered by HAVEY, J.A.D.
In this personal injury action, plaintiff Jane MacGrath appeals from a summary judgment dismissing her complaint against defendant Levin Properties, t/a Blue Star Shopping Center (Levin). Plaintiff was a patron at the Blue Star Shopping Center, which is located in Watchung abutting State Highway Route 22. While walking across Route 22 where it intersects with a jug handle which feeds traffic into the shopping center, plaintiff was struck by a vehicle driven by defendant Patricia McFadden. On appeal, plaintiff argues that Levin, as the owner of the shopping center, owed plaintiff a duty to provide her with a safe means of passage across Route 22, or to warn her of the dangers inherent in traversing the highway. We agree with the trial court that no such duty exists and affirm.[1]
*249 The undisputed facts are as follows. The Blue Star Shopping Center abuts the north side of Route 22. On the south side of Route 22 there is a jug handle, designed to vector traffic across the highway into the shopping center, and to provide eastbound traffic with a means to make a U-turn into the westbound lane of the highway. A traffic signal device, including a push-button for pedestrians, controls the traffic where the jug handle intersects with the highway. The State of New Jersey owns, controls and maintains Route 22, the jug handle and the traffic signal control. The State also owns a 100-foot buffer between the north side of Route 22 and Levin's shopping center.
When the shopping center was constructed in 1961, Levin and the State acknowledged that there existed an "obstruction" to the flow of traffic on Route 22 at or near the shopping center site. The parties therefore arrived at "understandings for a joint endeavor" whereby Levin agreed to:
Cause the construction of a jug handle, as shown on a plan entitled: "New Jersey State Highway Department, Route U.S. 22 (1953) Section 11B, Turnaround West of Green Brook, Boro of Watchung, Somerset Co., Scale 1" = 30', July 1961", according to Standard New Jersey State Highway Department specifications and practice, at Owner's own cost and expense, except as hereinafter provided.
Levin also agreed to pay the monthly electrical bill for operation of the traffic signal, installed upon completion of the jug handle.
Levin has a prominent sign along the eastbound lane of Route 22 advising the public to use the jug handle for access to the shopping center. Vehicular access to the shopping center is provided by the jug handle, three entrances located off the westbound lane of Route 22, and from Bonnie Burn Road. Pedestrians have access to the shopping center by using sidewalks located on either side of an overpass connecting Park Avenue with Bonnie Burn Road. As we understand the record, there is no sidewalk along Route 22 abutting the shopping center.
*250 According to plaintiff's answers to interrogatories, she left the shopping center on foot and proceeded to Route 22 where it intersects with the jug handle. It was plaintiff's intention to cross the highway and walk to a bus stop approximately one-half mile from the jug handle. When she "started to cross Route 22" a vehicle operated by defendant Barbara Saldino allegedly proceeded into the intersection from the jug handle through a red light and struck defendant Patricia McFadden's vehicle which was proceeding westerly on Route 22. McFadden's vehicle then struck plaintiff.[2]
In granting summary judgment in Levin's favor the trial court found that Levin owed no duty to plaintiff since the accident occurred on Route 22, which was owned, controlled and maintained by the State. The court observed that "[t]here is no duty on the commercial land owner to maintain a safe passageway to patrons outside of their property lines, other than the case of Stewart v. 104 Wallace Street, Inc. [87 N.J. 146, 432 A.2d 881 (1981)], ... which imposed the duty to maintain abutting sidewalks." We agree.
The proprietor of business premises owes a duty of care to its invitees to provide a "reasonably safe place to do that which is within the scope of the invitation." Butler v. Acme Markets, Inc., 89 N.J. 270, 275, 445 A.2d 1141 (1982). This duty extends to the premises' parking lot, Picco v. Fords Diner, Inc., 113 N.J. Super. 465, 467, 274 A.2d 301 (App.Div. 1971), as well as to means of egress and ingress. Krug v. Wanner, 28 N.J. 174, 179, 145 A.2d 612 (1958).
However, with a carefully defined exception carved out in Stewart, the common-law rule in New Jersey is that a property owner, who is otherwise without fault, owes no duty to pedestrians who are injured on an abutting highway or sidewalk *251 which is part of the public domain. Yanhko v. Fane, 70 N.J. 528, 534-35, 362 A.2d 1 (1976). The Supreme Court in Yanhko held that an abutting property owner is not liable for the condition of a sidewalk caused by the wear and tear incident to public use. Id. at 532, 362 A.2d 1. The Court found that the duty to maintain and repair the public way rested solely upon the responsible public entity, id. at 534, 362 A.2d 1, reasoning:
The judicial imposition of a tort duty of care and maintenance of a portion of the public domain upon a property owner for no better reason than that his property is proximate to it would seem to be an arbitrary determination. See Stevenson, "Law of Streets and Sidewalks in New Jersey", 3 Rutgers L.Rev. 19, 25 (1949); Mount v. Recka, supra, 35 N.J. Super. at 380 [114 A.2d 289]. The unrestrictable right of passage on the highway belongs to the public. In principle, therefore, a remedy for injury to a pedestrian caused by improper maintenance thereof should be subsumed under the heading of public liability. [Id.]
The Court in Stewart "overruled" Yanhko only to the extent Stewart held that a plaintiff has a cause of action against a commercial property owner for injuries sustained on an abutting sidewalk when the owner fails to maintain it in a reasonable manner. 87 N.J. at 149, 432 A.2d 881. However, with that exception, Stewart left undisturbed the general "no liability" rule of Yanhko. See Levin v. Devoe, 221 N.J. Super. 61, 64, 533 A.2d 977 (App.Div. 1987). See also Sims v. City of Newark, 244 N.J. Super. 32, 48, 581 A.2d 524 (Law Div. 1990). This "no liability" rule is in accord with 2 Restatement (Second) of Torts § 349 (1964), which reads:
Dangerous Conditions in Public Highway or Private Right of Way
A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care
(a) to maintain the highway or way in safe condition for their use, or
(b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover.
Generally, our court has followed the Restatement rule, and has found no liability against the abutting property owner for *252 injuries occurring to patrons on the public way unless the Stewart exception applies. For example, in Levin, we held that the duty of an apartment-complex owner to maintain abutting sidewalks did not extend to maintaining curbs separated from the sidewalk by a grass strip. 221 N.J. Super. at 64-65, 533 A.2d 977. We reasoned that the curb was "a feature of the road, not the sidewalk" and "no one could reasonably suggest that the owner of commercial property owes a duty to pedestrians crossing the street to keep an abutting paved road in repair." Id. at 65, 533 A.2d 977.
Similarly, in Chimiente v. Adam Corp., 221 N.J. Super. 580, 583-584, 535 A.2d 528 (App.Div. 1987), we held that the owner of a shopping center parking lot had no duty to maintain a dirt pathway leading to the lot across property owned by the State, particularly when there were sidewalks providing "easy access" to the shopping center without the use of the pathway. In Ross v. Moore, 221 N.J. Super. 1, 5, 533 A.2d 398 (App.Div. 1987), we rejected plaintiff's argument that a public school's property was in a "dangerous condition," as defined by N.J.S.A. 59:4-2, because of its limited parking spaces and the reasonable foreseeability that a student would park in a private parking lot opposite the school, jaywalk across a county road and be struck by a vehicle. While our holding of no liability was based on the application of the Tort Claims Act, N.J.S.A. 59:1-1 to 59:12-3, we implied that the result would be no different if defendant had been a private party, by noting that "no danger inhered in the school's property itself in the relative shortage of parking spaces; no danger was let loose on the school's property which resulted in injury to plaintiff on the adjoining public highway." Id. at 5-6, 533 A.2d 398.
In contrast, we found in Warrington v. Bird, 204 N.J. Super. 611, 499 A.2d 1026 (App.Div. 1985), certif. denied, 103 N.J. 473, 511 A.2d 653 (1986), that a restaurant owner had a duty to protect its patrons from the hazards of a county road between the restaurant and its parking lot. We reasoned:

*253 We agree that the critical element should not be the question of the proprietor's control over the area to be traversed but rather the expectation of the invitee that safe passage will be afforded from the parking facility to the establishment to which they are invited. Commercial entrepreneurs know in providing the parking facility that their customers will travel a definite route to reach their premises. The benefiting proprietor should not be permitted to cause or ignore an unsafe condition in that route which it might reasonably remedy, whether the path leads along a sidewalk or across a roadway. [Id. at 617, 499 A.2d 1026.]
The Court found a duty existed to provide lighting on the restaurant and parking premises as well as a sign or flashing signal, if necessary, to "alert both motorists and patrons of the dangers." Id. In so holding, Warrington makes no reference to the "no liability" rule under § 349 of the Restatement.
Here, we are satisfied that Levin owed no duty to plaintiff. Route 22 and the jug handle are owned and maintained by the State of New Jersey, and the control of traffic flow from the jug handle to Route 22, as well as pedestrian passage across the highway, rests entirely with the State. Therefore, Levin owed no duty to maintain the public way or warn pedestrians of the apparent dangers of crossing this well-travelled highway. See 2 Restatement § 349. Just as "no one could reasonably suggest that the owner of commercial property owes a duty to pedestrians crossing the street to keep an abutting paved road in repair," Levin, 221 N.J. Super. at 65, 533 A.2d 977, it cannot be fairly suggested that the owner owes a duty to protect the pedestrian from the obvious hazards of the abutting highway. Liability rests with the State, if there exists a dangerous condition in the public way which caused the accident, or with the operator of the vehicle whose negligence caused the injuries to the crossing pedestrian.[3]
*254 Warrington is distinguishable. As we stated in Ross, 221 N.J. Super. at 7, 533 A.2d 398, "Warrington is a precedent only that a commercial establishment which provides parking facilities for its patrons across a public roadway has a duty to exercise reasonable care for their safe passage from there to the commercial establishment and back." Here, it is undisputed that Levin did not own or provide a parking facility across Route 22 for its shopping center patrons. Patrons have direct access to the shopping center by way of several vehicular entrances and by sidewalks located on the overpass connecting Park Avenue with Bonnie Burn Road. The fact that Levin may have known that shopping center patrons traversed Route 22 at the controlled pedestrian walkway does not, in our view, present a basis to extend the law by imposing a duty upon it to provide a means of safe passage across the highway, or to warn patrons of the apparent dangers of highway traffic.[4]
Plaintiff also asserts that a duty must be imposed upon Levin because it "caused" the construction of the jug handle which feeds traffic into the shopping center, thereby providing a "special benefit" to it. Plaintiff reasons that this "special benefit" carries with it a corresponding duty of care because it is reasonably foreseeable that pedestrian-patrons are subject to significant risks caused by the jug handle intersection. We do not agree.
Whether a tort duty exists "is ultimately a question of fairness." Goldberg v. Housing Auth. of City of Newark, 38 N.J. 578, 583, 186 A.2d 291 (1962). The question is not solved "merely by recourse to `foreseeability.'" Id. The inquiry must involve "a weighing of the relationship of the parties, the *255 nature of the risk, and the public interest in the proposed solution." Id.
The fact that Levin may enjoy some undefined "benefit" arising from the public use of the jug handle does not, in our view, translate into a corresponding duty to protect pedestrians from the hazards of the public thoroughfare. As we stated in Levin, "[a]rguably even a remote part of the public way confers a benefit upon a commercial establishment because the public way affords the public a means of ingress and egress." 221 N.J. Super. at 65, 533 A.2d 977. Such a thesis would impose a similar duty upon all proprietors owning property abutting a public street who enjoy the "benefit" of traffic access from the street to their business enterprises.[5] Imposition of such a duty would be an extension of the law which we decline to make.
Also, in considering whether a duty of care exists, we must consider the "nature of the risk" to which the patron is exposed. Goldberg, 38 N.J. at 583, 186 A.2d 291. Here the proximate cause of plaintiff's injuries was the negligent operation of a vehicle or vehicles on the highway, not the highway's defective design or condition. In that regard, refusal to impose a duty upon Levin does not leave "innocent parties," who may suffer injuries while crossing Route 22, without a remedy. See Stewart, 87 N.J. at 155, 432 A.2d 881. As noted, plaintiff pursued her remedy against both Saldino and McFadden.[6]
*256 Finally, the fact that an owner of land may "cause" to be constructed an off-site improvement as a condition to its approvals should not of itself be a basis to impose such a duty upon the owner. The question of allocation of the cost of an off-site improvement, such as the expansion of a street or highway, is resolved based on the need resulting as a direct consequence of the development and the benefits conferred upon the developer and other affected properties. See N.J.S.A. 40:55D-42; and see New Jersey Bldrs. Ass'n v. Mayor & Tp. Comm. of Bernards Tp., 108 N.J. 223, 237, 528 A.2d 555 (1987). When the off-site improvement is in the public domain and controlled and maintained by the public entity, as here, it makes no sense to impose a duty upon the developer, who is otherwise without fault, simply because it was required to construct the improvement or pay a part of the construction cost as part of its development approval. Such a thesis would expose every developer who is so mandated to potential liability, a result we deem to be contrary to the public interest and our sense of fairness. See Goldberg, 38 N.J. at 583, 186 A.2d 291.
The summary judgment is affirmed.
NOTES
[1] In the summary judgment order, the trial court noted that plaintiff had improperly named Blue Star Shopping Center as the party-defendant. The court thereafter permitted plaintiff to amend her complaint to name Levin Properties as the owner and also to add a count for negligent maintenance, design and construction of the jug handle. The amended complaint was later dismissed without opposition by plaintiff.
[2] Plaintiff's complaint was dismissed against Saldino, Cavallero (the owner of the vehicle operated by Saldino) and McFadden after plaintiff settled her claims with these defendants.
[3] Plaintiff did not sue the State of New Jersey, presumably because the facts did not equate to a cause of action under the Tort Claims Act. For example, plaintiff has not presented any evidence that there existed a dangerous condition, as defined by N.J.S.A. 59:4-2, on the highway or jug handle which caused the accident.
[4] Plaintiff argues that summary judgment should not have been granted because discovery was not complete. It is unclear what other facts would have been adduced by further discovery. In any event, we have considered all of plaintiff's submissions on appeal for the purpose of addressing the merits of her contentions, including photographs of the jug handle and other documents apparently not submitted below.
[5] We reject plaintiff's assertion that Levin owed a duty of care because it enjoyed a "servitude" in the jug handle for its private benefit. See 39 Am. Jur.2d Highways, Streets, and Bridges § 366 (1968). The jug handle was an integral part of the design of a State-owned highway, which benefited the public in general. Although the jug handle provided access to the shopping center, it also provided the public a means of making a U-turn from the eastbound to the westbound lane of Route 22. Thus, Levin had no private servitude over the public thoroughfare. See 25 Am.Jur.2d Easements and Licenses § 1 (1966).
[6] Plaintiff argues that a fact issue exists as to the exact place where she was struck by the McFadden vehicle. She claims that the evidence, if developed through discovery, may establish that the accident occurred while she was still on shopping center property. However, as noted, it is undisputed that the State owns a 100-foot buffer between the highway and the shopping center. Therefore, the accident could not have occurred on Levin's property. Moreover, the claim is contradicted by her answers to interrogatories.