

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-25-2006

# Bosco v. USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Bosco v. USA" (2006). *2006 Decisions.* Paper 1716.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1716

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-4146
_____

JOSEPH BOSCO;
JANET BOSCO,
Appellants
v.

UNITED STATES OF AMERICA;
MOTBY MILITARY OCEAN TERMINAL;
ABC COMPANY, a fictitious entity
_____

APPEAL FROM THE UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
D.C. Civil No. 01-cv-1684
District Judge: The Honorable Harold A. Ackerman
_____

Submitted under Third Circuit LAR 34.1(a)
November 16, 2005
_____

Before: BARRY and AMBRO, <u>Circuit</u> <u>Judges</u>, and POLLAK,[*] <u>District</u> <u>Judge</u>.

Filed: January 24, 2006
_____

OPINION
_____

_____

[*]Honorable Louis H. Pollak, District Judge for the United States District Court for the Eastern District of Pennsylvania, sitting by designation.

1

POLLAK, <u>District</u> <u>Judge</u>:

Joseph Bosco ("Bosco"), the plaintiff in a personal injury action brought against the United States (the "government") under the Federal Tort Claims Act ("FTCA"), appeals two orders issued by the District Court in connection with that action, asserting numerous points of error in the District Court's judgments. For the reasons set forth below, we will affirm.

I.

Because we write primarily for the parties, we recite only those facts and aspects of the procedural history that are of particular pertinence to our analysis.

In January 1996, Bosco was working at the Marine Ocean Terminal in Bayonne, New Jersey ("MOTBY") as a pipe fitter apprentice employed by an independent contractor at MOTBY. At about 1:30 or 1:45 p.m. on January 19, 1996, Bosco walked quickly from a construction trailer towards a MOTBY building – Building 72 – located on the same street as the trailer. It was raining heavily at the time. Bosco walked in the street for some distance and then decided to cross the sidewalk, between two cars parked on the sidewalk, in order to reach the rear entrance of Building 72. A puddle had accumulated in the street, near the curb, at Bosco's chosen crossing point. Before reaching the sidewalk, Bosco stepped into the puddle, his foot became caught in a storm

2

sewer grate at the bottom of the puddle, and he fell and injured his ankle.

Bosco received medical treatment for his ankle injury, and, several months after the accident, he began to complain of back pain. He eventually underwent extensive treatment for a lumbar condition. Bosco filed an administrative claim with the Department of the Army, asserting the government's negligent maintenance of its property caused his ankle and back injuries. Bosco claimed $250,000 in damages in his administrative claim. The Department of the Army denied Bosco's administrative claim, leading to this litigation. As relevant to this appeal, Bosco's lawsuit accused the government of two "species" of negligence: 1) failure to maintain and enforce a policy that vehicles be parked only in designated spaces, and 2) failure to properly maintain the sewer system such that it would not back up and create puddles around sewer grates[1].

By order dated November 10, 2003, the District Court denied Bosco's request to amend his administrative claim by increasing his damages demand, noting this request had earlier been denied by a magistrate judge, and the magistrate judge's order had not been appealed. In the same order, the District Court also dismissed Bosco's claim that the government was negligent in failing to maintain and enforce a parking policy. The District Court found this theory to be nothing more than a claim that the government failed to adhere to one of its own policies, which is not actionable under the FTCA

---

[1] Bosco also claimed the government was negligent in failing to have a policy mandating routine maintenance of its buildings and grounds and in failing to have a policy requiring superior officers to keep records of accidents. These claims did not survive summary judgment, and Bosco's brief in this appeal does not mention them. We therefore need not address them.

3

without an independent violation of state law. The only negligence theory that survived the November 10 order was the theory that the government was negligent in failing to properly maintain the sewer system.

The court conducted a bench trial of this claim. Bosco's expert opined at trial that the only explanation for the puddle surrounding the grate on which Bosco fell was a blockage in the sewer system, but Bosco produced no direct evidence of a blockage. Bosco contended the government was negligent in failing to remove the supposed blockage. The government's expert testified that a combination of several factors over which the government had no control – very heavy rain, unusually high tides, and significant snowmelt – likely led to formation of the puddle in which Bosco fell.

In its Findings of Fact & Conclusions of Law dated June 29, 2004, the District Court found for the government. Among the District Court's conclusions were that Bosco failed to prove any negligence on the part of the government in its maintenance of the storm sewer system, as his theory that there was a blockage in the storm sewer system was unsupported by direct evidence and contradicted by credible expert testimony. The District Court discounted Bosco's expert's testimony on this point, finding the expert's qualifications underwhelming and his analysis incomplete; in contrast, the District Court considered the government's expert well-qualified and found his analysis thorough and persuasive. The District Court also found Bosco's trial testimony less than credible, pointing to a pattern of evasiveness and inconsistencies in his testimony.

4

On appeal, Bosco contends the District Court: 1) erred as a matter of law by dismissing his claim of negligence based on failure to enforce a parking policy; 2) perpetrated a "gross miscarriage of justice" by finding no negligence by the government in its maintenance of the storm sewer; 3) committed clear legal error by failing to treat Bosco's back injury as an aggravation of prior injury; 4) exhibited unfair bias against Bosco; and 5) erred in refusing to allow Bosco to amend his administrative claim[2].

## II.

The District Court had jurisdiction over this case pursuant to 28 U.S.C. § 1346(b), and this Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

Our review of the District Court's conclusions of law, including determination of subject matter jurisdiction, is plenary. *North Penn Gas Co. v. Corning Natural Gas Corp.*, 897 F.2d 687, 688 (3d Cir. 1990); *Dolan v. U.S. Postal Serv.*, 377 F.3d 285, 286 (3d Cir. 2004). Our review of the District Court's factual determinations is deferential; we may set aside District Court findings only if clearly erroneous. *Anderson v. City of Bessemer City*, 470 U.S. 564, 572 (1985); *Henglein v. Colt Indus. Operating Corp.*, 260

---

[2] Bosco's brief also complains that the District Court abused its discretion in requiring the parties to obtain, with resultant cost to the parties, a transcript of the trial proceedings for purposes of gearing their proposed findings of fact and conclusions of law to the transcript. This point requires only very brief comment in the margin. The role of the Court of Appeals is to review for reversible error, not to micro-manage the District Courts. Because the requirement complained of could not possibly have affected the outcome of the case, there is no action for us to take on this matter, and we will not address it further.

F.3d 201, 207 (3d Cir. 2001).

III.

Bosco's first contention on appeal is that the District Court erred as a matter of law when it dismissed Bosco's claim that the government was negligent in failing to enforce a parking policy that would keep cars off the sidewalk near which Bosco fell[3]. As both parties evidently recognize, the FTCA permits a federal court to exercise jurisdiction over a tort claim against the government only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 18 U.S.C. § 1346(b)(1). Therefore, a federal court does not have jurisdiction over a claim against the government arising from the government's failure to follow its own regulation or policy, as "the law of the place" refers to state law, not federal law. *See, e.g., Johnson v. Sawyer*, 47 F.3d 716 (5th Cir. 1995). Rather, in order to sustain jurisdiction, an FTCA claimant must show that the government act or omission, if committed by a private person, would breach an independent state law duty. *Id*.

Bosco cites a line of New Jersey cases for the proposition that commercial

---

[3] Bosco describes the District Court's ruling as a grant of partial summary judgment and devotes considerable space in his brief to discussion of summary judgment standards. The order in which the District Court dismissed Bosco's negligence claim based on failure to enforce a parking policy did grant summary judgment to the government on other negligence claims, but it is clear that this particular negligence claim was dismissed for lack of subject matter jurisdiction.

landowners in New Jersey are required to maintain sidewalks abutting their property in a safe condition.  *See, e.g., Monaco v. Hartz Mountain Corp*., 840 A.2d 822 (N.J. 2004); *Stewart v. 104 Wallace Street, Inc*., 432 A.2d 881 (N.J. 1981); *Warrington v. Bird*, 499 A.2d 1026 (N.J. Super. App. Div. 1985).  Bosco contends the government breached this state law duty – and not just its own policy – by allowing cars to park on the sidewalk, and therefore it was error to dismiss his parking policy negligence claim.  We disagree.  Bosco's dismissed claim cannot be fairly characterized as a claim that the government failed to maintain the sidewalk in a safe condition.  Rather, Bosco's claim that the government allowed cars to be parked on the sidewalk amounts to an assertion that the government failed to provide *unimpeded access* to the sidewalk.  Bosco cites no New Jersey case, and we are aware of none, that holds a landowner can be held liable in tort for failing to provide the public or invitees with unimpeded access to a sidewalk.

Because Bosco pleaded no facts that could support a finding of negligence under New Jersey law, his dismissed claim amounted to nothing more than that the government failed to enforce its own policy.  As previously discussed, the federal courts cannot exercise jurisdiction over such a claim.  We therefore find no error in the District Court's dismissal of Bosco's claim of negligence arising out of failure to enforce a parking policy.

IV.

Bosco's next assignment of error is that the District Court's findings of fact and conclusions of law subsequent to trial represent a "gross miscarriage of justice." Bosco contends the District Court's understanding of the facts was grossly deficient and led to conclusions that are clearly erroneous. As previously stated, we can review the District Court's factual findings only for clear error.

As noted above, both Bosco and the government presented expert testimony regarding the likely cause of puddle formation around the storm grate on which Bosco fell. Bosco's expert concluded that, because water always flows downhill absent an obstruction, the puddle could only have formed as a result of a clog in the storm sewer system. The government's expert opined that other factors, including excessive rainfall, unusually high tides, and substantial snowmelt, could, and likely did, lead to formation of the puddle. Determining the cause of the puddle's accumulation was crucial to determining whether the government had been negligent – if the puddle resulted from a clogged sewer system, the government may have been liable for negligent maintenance of the system, but if the puddle was created by conditions over which the government had no control, the government could not be found negligent. As the two parties' expert analyses reached conflicting conclusions on the critical point of what led to creation of the puddle, the District Court had to choose one. The District Court chose the government expert's conclusions because it found that expert more qualified and considered his analysis more thorough and persuasive.

Having reviewed the relevant portions of the record, we find no error in the District Court's findings, let alone clear error. The District Court noted that the government's expert had extensive training in storm-water management and had written articles on the subject. Bosco's expert, on the other hand, had no relevant publications and no relevant training within the past twenty years, gave inconsistent testimony, and failed to recognize the relevance of various factors included in the government expert's analysis.

Bosco correctly points out that the government expert's analysis had limitations – in particular, neither he nor any of the other government witnesses actually inspected the storm sewer system for evidence of blockage. However, Bosco's expert did not do so either. Since neither expert had inspected the storm sewer system, all the experts could do was analyze the data available to both of them and give their opinions as to what likely caused a puddle to form around the grate on which Bosco fell. Because Bosco's expert was less qualified than the government's expert, because he failed to properly credit the relevant data that the government's expert incorporated into his analysis, and because the District Court, in a far better position to assess the credibility of witnesses than we, found the government expert more credible than Bosco's expert, we find no error in the District Court's acceptance of the government expert's conclusions over those of Bosco's expert.

Bosco points to an additional piece of evidence that he contends is compelling and was wrongfully discounted by the District Court – photographs of the accident scene,

taken about a week after the accident, depicting a large accumulation of water around the sewer grate on which Bosco fell. Bosco asserts these photographs are conclusive evidence that the puddle existing at the time of his fall only grew larger over the next several days, and thus the only appropriate conclusion is that there was a blockage in the storm sewer system. We agree with the District Court that these photographs establish no such thing. As the District Court noted, the foundation laid for admission of these photographs as evidence was quite weak – it was not entirely clear who took the photographs, there was some question about when they were taken, and the weather and flooding conditions at the time of the photographs were different from those existing at the time of Bosco's accident. Most importantly, there was no evidence regarding the status of the puddle in the days intervening between the time of the accident and the time the photographs were taken. Indeed, Bosco's expert conceded that the puddle existing at the time of Bosco's accident could have drained, and a new puddle could have formed for whatever reason in the following week. Accordingly, we find no error in the District Court's view that the photographs lacked the probative force Bosco attributed to them.

Finally, Bosco argues the District Court erred in refusing to find the government negligent for creating a steep drop-off from the street pavement to the storm sewer grate on which Bosco fell. It appears that the only evidence supporting the assertion that a substantial drop-off existed are photographs showing the sewer grate three to four inches below the pavement surface. We agree with the District Court that these photographs are

10

very weak evidence of a drop-off or any unsafe condition of the pavement at the time of Bosco's accident, as the photographs were taken over six years after the accident. We find no error in the District Court's refusal to enter a finding of negligence based on such evidence.

V.

Our disposition of Bosco's second point of error makes it unnecessary for us to address his third and fifth, which relate to Bosco's claim of injury to his back. Because we have upheld the District Court's determination that Bosco failed to prove negligence by the government, Bosco cannot recover any amount of damages for any injury, including his back injury.

The fourth point in appellant's brief on appeal is captioned as follows:

> THE DISTRICT COURT'S TRIAL ERRORS
> SHOW AN UNFAIR BIAS AGAINST THIS PLAINTIFF

Under this caption the brief spends six pages discussing the testimony of Dr. Jason Walker, a vocational specialist who, on the government's behalf, examined the plaintiff and appeared as an expert witness. Much of Dr. Walker's testimony focused on what Dr. Walker perceived to be plaintiff's lack of motivation to work. Supplementing the direct and cross-examination conducted by counsel, the District Judge asked the witness a number of questions. Appellant's brief characterizes one question as a "loaded question," and then states that "[b]ased upon the district court's further questions," the witness

11

"apparently [became] aware that the court was interested in loaded responses."

The propriety of a trial judge's asking questions of a witness is beyond dispute. When, as in the case at bar, the judge is conducting a bench trial, it is routine – indeed, almost obligatory – for the judge to put questions clarifying pertinent matters that counsels' questions may not have fully illuminated. Counsel for plaintiff or counsel for defendant – or, indeed, counsel for both – may find the judge's questions unwelcome when they probe weaknesses or test limits of contentions advanced by a litigant. But a probing question does not betoken unneutrality.

Counsel who drafted and signed appellant's brief have seen fit to charge an able and respected judge – a judge of long experience, demonstrated accomplishments, and unwavering dedication to law and the judicial process – with "unfair bias" against a litigant. The charge, finding no support in the record, is gravely unprofessional. To make so wholly unwarranted a charge is not conduct befitting members of the bar of the Court of Appeals or of the District Court – lawyers who are sworn officers of the court.

VI.

In conclusion, we find no error in the District Court's dismissal of Bosco's claim of negligence based on failure to enforce a parking policy or in the District Court's post-trial finding of no negligence by the government. These holdings render moot Bosco's points regarding treatment of his back injury as an aggravation of prior injury and

12

amendment of his administrative damages claim. We also find no merit whatsoever in Bosco's assertion of unfair bias by the District Judge. We will therefore affirm the judgments of the District Court in all respects.