ZULICK, J.,
This case comes before the court on defendants’ preliminary objections to plaintiffs’ amended complaint. The Clavells filed a complaint seeking damages for medical malpractice on September 24,2014. The plaintiffs allege in their amended complaint that Dr. Joseph Brown was negligent in his diagnosis and treatment of a diabetic ulcer on Ms. Clavell’s left foot. They also contend that Pocono Foot & Ankle Consultants, P.C. (Pocono Foot), was vicariously liable for the actions of Dr. Brown, its employee, and that Pocono Foot was directly liable to Ms. Clavell due to corporate negligence. Defendants Pocono Foot and Dr. Brown filed preliminary objections on October 2,2014, demurring to the corporate negligence allegations of Count III of plaintiffs’ amended complaint. All parties submitted briefs, and arguments were held in this court on November 3, 2014.
The facts alleged in the amended complaint may be summarized as follows. Dr. Joseph Brown treated Ms. Clavell for pain in her left foot from April through July, 2012. Dr. Brown diagnosed Ms. Clavell first with soft tissue *107 edema and a small avulsion fracture, and later with plantar fasciitis. Plaintiffs’ amended complaint atfl 6-9. He treated the site with anesthetic injections and pain patches. Id. at ¶¶9-10. When the left foot became so swollen that Ms. Clavell was unable to walk, she saw other physicians as her foot and ankle continued to deteriorate. Id. at ¶¶ 13-18. One physician, Dr. Seth Burkey, advised Ms. Clavell that the condition of her foot was due to unsanitary conditions at the time of injection by Dr. Brown. Id. at ¶17. After Ms. Clavell was hospitalized at Windthrop University Hospital in Long Island, New York from August 21,2012 through August 27, 2012, Ms. Clavell was referred to a wound care doctor, Dr. Charles Bannon, who diagnosed a non-healing diabetic ulcer. Id. at ¶¶19-20. Ms. Clavell received lengthy treatment thereafter. Id. at ¶¶20-22.
Plaintiffs contend that Pocono Foot was negligent in failing to:
a. ...use reasonable care in the maintenance, (sic) safe and adequate facilities and equipment;
b. ...select and retain only competent physicians;
c. ...properly observe all persons who practice medicine upon plaintiff;
d. ...formulate, adopt and enforce adequate rules and policies to ensure quality care to its patients, and specifically to plaintiff, Carmen Clavell.
Amended complaint, ¶31.
Pocono Foot has objected, arguing the amended complaint fails to state a cause of action. The standard for *108 demurrer is “whether, on the facts averred, the law says with certainty that no recovery is possible.” Santiago v. Pennsylvania Nat. Mut. Cas. Ins. Co., 613 A.2d 1235, 1238 (Pa. Super. 1992). “Where any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the demurrer.” Id.
Here, defendants argue that plaintiffs have not stated a claim for the corporate negligence of Pocono Foot:
Corporate negligence is a doctrine under which the hospital is liable if it fails to uphold the proper standard of care owed the patient, which is to ensure the patient’s safety and well-being while at the hospital. This theory of liability creates a non-delegable duty[1] which the hospital owes directly to a patient. Therefore an injured party does not have to rely on and establish the negligence of a third party.
Thompson v. Nason Hospital, 591 A.2d 703, 707 (Pa. 1991).
To establish a claim for corporate negligence, a plaintiff must establish three elements:
1. The [facility] acted in deviation from the standard of care;
2. The [facility] had actual or constructive notice of the *109 defects or procedures which created the harm; and
3. That the conduct was a substantial factor in bringing about the harm.
Rauch v. Mike-Mayer, 783 A.2d 815, 826 (Pa. Super. 2001).
Plaintiffs allege that a contaminated injection given to her by Dr. Brown was the direct cause of her exacerbated diabetic ulcer. Pocono Foot is not a hospital; however, corporate negligence has been applied to healthcare facilities other than hospitals. See Scampone v. Highland Park Care Center, LLC, 57 A.3d 582 (Pa. 2012). The question of whether corporate negligence may be imposed in this case depends upon whether Pocono Foot breached a duty to its patient. The Pennsylvania Supreme Court has held that the trial court must consider various factors in the relationship between the parties and the facts of the case to determine whether the defendant breached a duty:
Thus, the legal concept of duty of care is necessarily rooted in often amorphous public policy considerations, which may include our perception of history, morals, justice and society. See Gardner v. Consolidated Rail Corp., 524 Pa. 445, 455, 573 A.2d 1016, 1020 (1990). The determination of whether a duty exists in a particular case involves the weighing of several discrete factors which include: (1) the relationship between the parties; (2) the social utility of the actor’s conduct; (3) the nature of the risk imposed and foreseeability of the harm incurred; (4) the consequences of imposing a duty upon the actor; and
*110 (5) the overall public interest in the proposed solution. See generally Dumanski v. City of Erie, 348 Pa. 505, 507, 34 A.2d 508, 509 (1943)(relationship between the parties), Forster v. Manchester, 410 Pa. 192, 197, 189 A.2d 147, 150 (1963)(social utility), Clewell v. Pummer, 384 Pa. 515, 520, 121 A.2d 459, 463 (1956) (nature of risk), Witthoeft v. Kiskaddon, 557 Pa. 340, 353, 733 A.2d 623, 630 (1999)(foreseeability of harm), Cruet v. Certain-Teed Corp., 432 Pa. Super. 554, 558, 639 A.2d 478, 479 (1994)(relationship, nature of risk and public interest in the proposed solution). See also Bird v. W.C.W., 868 S.W.2d 767, 769 (Texas 1994)(“In determining whether to impose a duty, this court must consider the risk, foreseeability, and likelihood of injury weighed against the social utility of the actor’s conduct, the magnitude of the burden of guarding against the injury and the consequences of placing that burden on the actor.”).
Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1169 (Pa. 2000).
The Supreme Court additionally noted in the Scampone decision that the trial court may consider Section 323 of the Restatement of Torts, 2nd,[2] in determining whether a *111 duty exists between a medical office and a patient:
As illustrated in Thompson, the proper question here is whether the Scampone estate offered sufficient evidence of the relationship with Highland Park, and separately with Grane Healthcare, to establish that duties of care exist, by application of Section 323 of the Restatement or by application of the Althaus factors. The inquiry is individual to each appellant, although the duties of appellants may be similar. This type of individualized inquiry into appellants’ duties of care ensures that multiple entities are not exposed to liability for breach of the same non-delegable duties.
Scampone at 606, 607.
Here, Ms. Clavell alleged that she sought treatment from Pocono Foot and that Dr. Brown was the podiatric surgeon who treated her. She alleges in the amended complaint that her injury was caused by “unsanitary conditions at the time of her injection by Dr. Joseph Brown.” Amended complaint, ¶17. Nowhere in the complaint is there an allegation that the injection occurred on the premises of Pocono Foot, or that Pocono Foot’s maintenance of the premises contributed to plaintiff’s injury. There is no factual allegation that Dr. Brown was in any way unqualified to practice podiatric surgeiy, or that rules or procedures of Pocono Foot contributed to plaintiff’s injury. The amended complaint simply restated the four non-delegable duties as detailed in Thompson without illustrating how they apply to this case. Thus, Ms. Clavell has not sufficiently established in her amended complaint that Pocono Foot breached a duty to her.
*112 ORDER
And now this 25th day of November, 2014, upon consideration of defendant Pocono Foot & Ankle Consultants, P.C.’s preliminary objections and the briefs and arguments of both parties, it is ordered as follows:
1. Defendant Pocono Foot and Ankle Consultants, P.C.’s demurrer to Count III, corporate negligence, is sustained.
2. Plaintiffs are given twenty days to file a second amended complaint.

. These nondelegable duties include (1) a duty to use reasonable care in the maintenance of safe and adequate facilities and equipment; (2) a duty to select and retain only competent physicians; (3) a duty to oversee all persons who practice medicine within its walls as to patient care; and (4) a duty to formulate, adopt and enforce adequate rules and policies to ensure quality care to patients. Thompson v. Nason Hospital, 591 A.2d 703, 707 (Pa. 1991).

. §323 negligent performance of undertaking to render services
One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other’s person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if
(a) his failure to exercise such care increases the risk of such harm, or
(b) the harm is suffered because of the other’s reliance upon the undertaking.
REST 2d TORTS §323.