

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-10-2007

# Bradley v. O'Donoghue

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4246

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bradley v. O'Donoghue" (2007). *2007 Decisions.* Paper 1793.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1793

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No: 05-4246

LONSHYA BRADLEY; DONNA ROSAS,
plenary guardian of the person and estate of
LONSHYA BRADLEY, a minor and incompetent

v.

MAURICE O'DONOGHUE; COLUMBIA LIGHTING-LCA, INC.;
BURGER KING CORP.; BRISTOL BOROUGH;
BRISTOL TOWNSHIP

Donna Rosas, plenary guardian of the person and estate
of Lonshya Bradley, a minor and incompetent,

Appellant


Appeal from the United States District Court
for the Eastern District of Pennsylvania
(Civ. No. 03-CV-05071)
District Judge: Hon. William H. Yohn, Jr.


Submitted Under Third Circuit LAR 34.1(a)
November 8, 2006

Before: SCIRICA, Chief Judge, MCKEE and STAPLETON, Circuit Judges.

(Opinion filed: January 10, 2007)

OPINION

McKEE, Circuit Judge.

1

Donna Rosas, the plenary guardian of the person and estate of Lonshya Bradley, appeals the District Court's grant of summary judgment in favor of U.S. Restaurants based upon that court's determination that the defendant owed no duty to Bradley. For the following reasons, we will affirm.[1]

**I.**

Because we write primarily for the parties, we need not recite the underlying facts or procedural history of this case. Rosas makes several arguments on appeal, however, they all turn on Rosas' allegation that the defendant owed a duty to Bradley based upon its obligation to provide safe ingress and egress to its restaurant.

The District Court correctly determined that Pennsylvania law applies to this diversity action, and the parties do not dispute that decision. Rosas claims that the District Court erred in relying upon Restatement (Second) of Torts § 349 because that provision only applies to situations where "a passerby [is] injured by a defect on an area of state highway over which the defendant has a right of way or easement." Appellant's Br. at 11.[2] However, the District Court carefully explained why it predicted that the

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. 1332(a)(1). We have jurisdiction pursuant to 28 U.S.C. § 1291.

[2] Section 349 provides:

A possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care
(a) to maintain the highway or way in safe condition for their use, or
(b) to warn them of dangerous conditions in the way which, although not created

Pennsylvania Supreme Court would follow § 349, and we can add little to the District Court's analysis of that issue. The District Court's conclusion is consistent with the law of Pennsylvania. For example, in *Allen v. Mellinger*, 625 A.2d 1326 (Pa. Cmwlth. Ct. 1993), the plaintiff was struck by oncoming traffic while turning into a shopping center parking lot from a state highway. The court relied upon § 349 to hold that the plaintiff could not recover from owners of the shopping center because they owned no duty to indicate a safe place to turn by placing curbing or barricades in the parking lot. In reaching its decision, the court discussed, *MacGrath v. Levin Properties*, 606 A.2d 1108, 1109-11 (N.J. Super. Ct. 1992), a case decided under New Jersey law. There, the court relied upon § 349 in holding that a shopping center owner owed no duty to a plaintiff who was hit by a car while crossing a state highway abutting the defendant's property.

Rosas also claims that the location of the defendant's business and the location of the driveway were dangerous conditions that led pedestrians into the intersection, and that she is therefore entitled to recover under Restatement (Second) of Torts §§ 343[3] and 364[4]. We disagree.

---

by him, are known to him and which they neither know nor are likely to discover. Restatement (Second) of Torts § 349 (1965).

[3]Restatement § 343 provides that:

A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
(a) knows or by the exercise of reasonable care would discover the condition, and

As the District Court explained, this argument is precluded by *Gardner ex rel. Gardner v. Consolidated Rail Corporation*, 573 A.2d 1016, 1019 (Pa. 1990). There, plaintiff relied upon the Restatement (Second) of Torts including §§ 343 and 365[5] in arguing that a city and a railroad were liable for injuries he sustained

---

should realize that it involves an unreasonable risk of harm to such invitees, and
(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
(c) fails to exercise reasonable care to protect them against danger.

Restatement (Second) of Torts § 343 (1965).

[4]Restatement § 364 provides that:

A possessor of land is subject to liability to others outside of the land for physical harm caused by a structure or other artificial condition on the land, which the possessor realizes or should realize will involve an unreasonable risk of such harm, if
(a) the possessor has created the condition, or
(b) the condition is created by a third person with the possessor's consent or acquiescence while the land is in his possession, or
(c) the condition is created by a third person without the possessor's consent or acquiescence, but reasonable care is not taken to make the condition safe after the possessor knows or should know of it.

Restatement (Second) of Torts § 364 (1965).

[5]Restatement § 365 provides that:

A possessor of land is subject to liability to others outside of the land for physical harm caused by the disrepair of a structure or other artificial condition thereon if the exercise of reasonable care by the possessor or by any person to whom he entrusts the maintenance and repair thereof
(a) would have disclosed the repair and the unreasonable risk involved therein, and
(b) would have made it reasonably safe by repair or otherwise.

Restatement (Second) of Torts § 365 (1965).

4

while crossing the defendant's railroad tracks. *Id.* at 1019. Plaintiff had reached the tracks after climbing through a hole in a city-owned fence surrounding a municipal playground. *Id.* The Pennsylvania Supreme Court held that the city owed plaintiff no duty of care because the fence was not the proximate cause of the injury–"the only connection between the injury and the allegedly poorly maintained fence[] is that [plaintiff] passed through or walked toward holes in the fences." *Id.* at 1021. Here, the District Court correctly ruled that Bradley was merely passing through the Burger King driveway; she was obviously not injured by it, and it was not the proximate cause of Bradley's injuries.

Plaintiff's claim fares no better under § 365. Rosas' argument under that section of the Restatement mirrors Justice Montemuro's dissent in *Majestic by Majestic v. Commonwealth of Pennsylvania*, 641 A.2d 295, 296-99 (Pa. 1994) (per curiam) (Montemuro, J., dissenting). However, the Commonwealth Court rejected that argument based on *Gardner*. Justice Montemuro's dissent to the contrary distinguishing *Gardner* does support Rosas' argument, but it is not the law of Pennsylvania.

No matter how Rosas attempts to portray Bradley's claim, it is clear that any obligation on the part of the defendant must arise from some duty it owed to Bradley. Yet, as the District Court explained, it is clear under *Allen*, the defendant owed no duty to Bradley. *See also*, *Cruett v. Certain-Teed Corp.*, 639 A.2d. 478,

481 (Pa. Super. 1994); and 36 P.S. § 670-420 (giving the Secretary of Transportation the authority to "make reasonable rules and regulations governing the use of all State highways. . ..").

## II.

Thus,  for the reasons stated above, we will affirm the District Court's grant of summary judgment to Burger King, and against Donna Rosas as plenary guardian for Lonshya Bradley.