

**FILED**
October 29, 2024 09:04 AM
ST-2009-CV-00070
**TAMARA CHARLES**
**CLERK OF THE COURT**

## IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. THOMAS AND ST. JOHN

|  |  |
|---|---|
| **TARIQ DAVIS**, a minor, by his parents and next friends, DIANNE BYNOE and ROOSEVELT DAVIS, and DIANNE BYNOE and ROOSEVELT DAVIS on their own behalf, | **Case No. ST-2009-CV-00070** |
|  | **ACTION FOR DAMAGES** |
| Plaintiffs, | |
| vs. | |
| **AMERICAN YOUTH SOCCER ORGANIZATION, VIRGIN ISLANDS AMERICAN YOUTH SOCCER ORGANIZATION, THE UNIVERSITY OF THE VIRGIN ISLANDS, and LAVAR BROWNE** | |
| Defendants. | |

**Cite as 2024 VI Super 46U**

## <u>MEMORANDUM OPINION</u>

**THIS MATTER** is before the Court on Defendant's University of the Virgin Islands ("Defendant" or "UVI") Motion for Summary Judgment, filed on August 17, 2020. The motion is fully briefed.[1] For the reasons set forth herein, the Court will deny the Defendant's motion.

---

[1] Plaintiffs filed an opposition on September 16, 2020. Defendant UVI filed a reply on October 6, 2020.

*Davis v. University of Virgin Islands, et. al.*          Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 2 of 17

## BACKGROUND AND PROCEDURAL HISTORY

On February 12, 2009, Plaintiffs Tariq Davis, a minor, and his parents, Dianne Bynoe and Roosevelt Davis (collectively "Plaintiffs") filed this action for premises liability and negligence against UVI, for injuries arising out of an incident that occurred on February 17, 2007, when Plaintiff Tariq Davis, while at soccer practice, ran into the roadway abutting the UVI soccer field to chase an errant soccer ball.[2] In their complaint, Plaintiffs allege that UVI breached its duty of care towards Tariq Davis by failing to enclose the field to protect against the dangers of the adjacent highway.

## UNDISPUTED MATERIAL FACTS[3]

1. On February 17, 2007, Tariq was a member of the American Youth Soccer Organization ("AYSO"), a youth soccer organization.

2. On February 17, 2007, AYSO held soccer practice at the UVI soccer field located in Lindberg Bay, St. Thomas, U.S.V.I.

---

[2] Plaintiffs also sued Defendants American Youth Soccer Organization and Virgin Islands American Youth Soccer Organization. But the claims against those defendants are not pertinent to the analysis of the motion at bar.

[3] According to V.I. R. Civ. P. 56(c)(2)(B), "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied pursuant to subpart (c)(1) of this Rule, using the corresponding serial numbering, either: (i) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (ii) stating that the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number." Plaintiffs have failed to do that in this case, only providing their own list of facts rather than addressing Defendant UVI's statement of facts. Additionally, according to V.I. R. Civ. P 56(c)(3), a movant shall respond to any additional facts asserted by the non-moving party by filing a response using the corresponding serial numbering of each such fact to state whether the fact is disputed or not. UVI failed to do that in this case. Thus, the Court may act in accordance with V.I. R. Civ. P. 56(e), which permits the court to ...consider the fact undisputed for purposes of the motion. However, the court only adopted the facts that are completely supported by the record.

*Davis v. University of Virgin Islands, et. al.*
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 3 of 17

Cite as 2024 VI Super 46U

3. AYSO regularly utilized the UVI field for their young members, who ranged in ages from four (4) to nineteen (19), to practice and play soccer.

4. On February 17, 2007, Tariq, then nine (9) years old and in the third grade and his father, Roosevelt Davis, arrived at the soccer field in Lindberg Bay, St. Thomas, V.I., at approximately 8:45 a.m.

5. The soccer field used by AYSO on February 17, 2007, is owned by UVI.

6. The soccer field is adjacent to Julian Jackson Drive, a public roadway in St. Thomas, Virgin Islands.

7. The northern edge of the perimeter of the field was the same elevation as the adjacent road.

8. At all times material hereto, the field was open and unfenced with no barrier to separate it from the adjacent roadway.

9. At all times material hereto, there was no barrier to keep errant soccer balls from crossing into the adjacent roadway. There was also no physical barrier to prevent young players from chasing these balls into the road.

10. Shortly after arriving at the field on February 17, 2007, Tariq joined a few other boys at the western end of the field to dribble and kick the ball around.

11. Plaintiff Tariq Davis ran out into Julian Jackson Drive, a public roadway, to chase after a ball.

12. Plaintiff Tariq Davis was struck by a vehicle driven by Defendant LaVar Browne on Julian Jackson Drive.

*Davis v. University of Virgin Islands, et. al.*
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 4 of 17

Cite as 2024 VI Super 46U

13. Plaintiffs have entered into a settlement with LaVar Browne and he is no longer a party in this action.

14. UVI has no authority or control over the public roadway.

15. Julian Jackson Drive extends throughout the length of the University's property, from the western end to the eastern end.

16. Julian Jackson Drive runs through UVI's property, between the UVI athletic field and UVI's academic campus.

17. Prior to the accident, UVI filed a formal request with the V.I. Department of Public Works to have speed bumps and signage placed on Julian Jackson Drive to regulate traffic on that roadway.

18. This request was made to allow University students to safely traverse across the roadway to get from one side of the campus to the next.

19. In February 2007, organizations "[did] not have to get permission from the University to use any of its outdoor facilities" because all outdoor facilities were open to the public.

## LEGAL STANDARD

Rule 56 of the Virgin Islands Rules of Civil Procedure contains the legal standard on a ruling for a motion for summary judgment. V.I. R. CIV. P. 56(A) provides that:

> A party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

*Davis v. University of Virgin Islands, et. al.*                                                      Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 5 of 17

Additionally, V.I. R. CIV. P. 56(c)(1) states that "[e]ach summary judgment motion shall include a statement of undisputed facts in a separate section within the motion." The undisputed fact shall be "supported by affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon regarding such fact."[4]

A moving party for summary judgment bears the burden of showing no genuine issue of any material fact exists and that it is entitled to judgment as a matter of law.[5] After the moving party has met its burden, the opposing party "must present actual evidence showing a genuine issue for trial."[6] The opposing party "must provide more than a scintilla of supporting evidence to survive a motion for summary judgment."[7] As such, "[t]he non-moving party may not rest upon mere allegations but must present actual evidence showing a genuine issue for trial."[8]

V.I. R. CIV. P. 56(c)(2)(B) provides that "a party opposing entry of summary judgment must address in a separate section of the opposition memorandum each of the facts upon which the movant has relied." Additionally, the opposing party must either agree "that the fact is undisputed for the purpose of ruling on the motion for summary judgment only" or it must state "the fact is disputed and providing affidavit(s) or citations identifying specifically the location(s) of the material(s) in the record relied upon as evidence relating to each such material fact, by number."[9]

---

[4] V.I. R. CIV. P. 56(c)(1).

[5] V.I. R. CIV. P. 56(a).

[6] *Allahar v. 2DD Bjerge Grade, LLC*, 2022 VI SUPER 18U, at *15 (V.I. Super. Ct. Feb. 10, 2022) (citing *Williams v. United Corp.*, 50 V.I. 191, 194 (V.I. 2008)).

[7] *Id.* (citing *Anderson v. Am. Fed'n of Teachers*, 67 V.I. 777, 788-89 (V.I. 2017) (citing *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 527-28 (V.I. 2013)).

[8] *Greenleaf Commons, LLC v. St. John Day Spa & Salon, LLC*, 2021 VI SUPER 2U, at *8 (V.I. Super. Ct. Jan. 11, 2021) (citing *Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 229 (V.I. 2013) (quoting *Williams*, 50 V.I. at 194-95)).

[9] V.I. R. CIV. P. 56(c)(2)(B).

*Davis v. University of Virgin Islands, et. al.*     Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 6 of 17

In *Antilles School, Inc. v. Lembach*[10], the Virgin Island Supreme Court held that a judgment as a matter of law is appropriate after "considering all of the evidence . . . . the court concludes that a reasonable jury could only enter judgment in favor of the moving party."[11]  Summary judgment is a "drastic remedy" and only proper where "the pleadings, the discovery and disclosure materials on file ... show that there is no genuine issue as to material fact[.]"[12]

As the moving party, the Defendants have the initial burden of demonstrating that there are no genuine issues as to any material fact.

## DISCUSSION

In a negligence action, the Plaintiff must satisfy a four-factor test: "(1) a legal duty of care to the plaintiff, (2) a breach of that duty of care by the defendant, (3) constituting the factual and legal cause of (4) damages to the plaintiff."[13]

In a premises liability action, the Plaintiff must satisfy the same four-factor test as traditional negligence claims.[14] The V.I. Supreme Court "has recognized foreseeability as 'the touchstone of premises liability in the Virgin Islands' because foreseeability permeates every element of a negligence claim."[15]

"Given the subjective nature of this test, 'this Court's jurisprudence has consistently favored – wherever possible – the adjudication of negligence cases by a jury, a preference codified by the Legislature in 5 V.I.C. § 1451(a), instead of by a single judge at summary judgment."[16]

---

[10] 64 V.I. 400 (V.I. 2016).

[11] *Id.* at 409.

[12] *Rogers v. Gov't Employees' Ret. Sys. of United States Virgin Islands*, 2022 V.I. LEXIS 45. at *14 (V.I. Super. Ct. 2022) (citing *Anthony*, 58 V.I. at 228) (quoting *Williams*, 50 V.I. at 194).

[13] *Machado v. Yacht Haven Grande U.S.V.I., LLC*, 61 V.I. 373, 380 (V.I. 2014).

[14] *Dover v. Univ. of the V.I.*, 2020 V.I. LEXIS 29. *7 (V.I. Super. Ct. 2020).

[15] *Aubain v. Kari Foods of the V.I., Inc.*, 70 V.I. 943, 949 (V.I. 2019) (citing *Machado*. 61 V.I. at 394).

[16] *Rymer v. Kmart Corp.*, 68 V.I. 571, 576 (V.I. 2018) (citing *Machado*, 61 V.I. at 399).

*Davis v. University of Virgin Islands, et. al.*
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 7 of 17

Cite as 2024 VI Super 46U

The issue is whether Defendant UVI has shown the lack of any genuine issue of material fact that would entitle it to summary judgment resulting in the dismissal of Plaintiffs' claims against UVI. In their motion, UVI argues that they did not owe Plaintiffs a duty of care because the accident occurred on the public road, which they do not own or control.

For UVI to prevail, the court must find that the record includes sufficient undisputed facts to entitle UVI to a summary judgment.[17]

## I.  The Court conducted a *Banks* analysis to determine the duty of care a land possessor owes a person that is not injured on the premises.

As UVI points out, the court is required to conduct a *Banks* analysis because the Virgin Islands has not determined whether a landowner owes a duty to ensure a person's safety when they are injured on an adjacent public roadway. The parties briefed the *Banks* analysis issue.

Plaintiffs allege that the dangerous condition in this case is that the field did not have an enclosure to prevent children from chasing errant soccer balls into the public roadway. UVI disputes this allegation, instead arguing that the dangerous condition was the traffic in the public roadway and UVI did not owe a duty to Plaintiffs to protect them from the dangers in the public roadway since it is not owned by UVI and UVI did not create the dangerous condition.[18] Whether the dangerous condition was on UVI's property would determine what, if any, duty UVI owed to Plaintiffs.[19]

UVI proposes that this jurisdiction, like many others, adopt Restatement (Second) of Torts § 349, which states:

---

[17] V.I. R. Civ. P. 56(a).

[18] The Court finds that whether the lack of fencing or enclosure around UVI's field is a dangerous condition is a disputed fact.

[19] Whether the lack of enclosure is a dangerous condition is a factual determination that may only be made a reasonable jury.

*Davis v. University of Virgin Islands, et. al.*  Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 8 of 17

> [a] possessor of land over which there is a public highway or private right of way
> is not subject to liability for physical harm caused to travelers upon the highway or
> persons lawfully using the way by his failure to exercise reasonable care
> (a) to maintain the highway or way in a safe condition for their use, or
> (b) to warn them of dangerous conditions in the way which, although not created
> by him, are known to him and which they neither know nor are likely to discover.[20]

The cases cited by UVI all involve matters in which the dangerous condition was on the

roadway,[21] which may be different to the situation in this case. If a fact finder agrees with Plaintiffs

that the lack of enclosure surrounding the field was a dangerous condition, this section of the

Restatement would not define UVI's duty of care towards a person injured on a public roadway

when the dangerous condition occurred on the premises.

In a *Banks* analysis, courts must consider three non-dispositive factors: (1) "whether any

Virgin Islands courts have previously adopted a particular rule;" (2) "the position taken by a

majority of courts from other jurisdictions;" and (3) which approach represents the soundest rule

for the Virgin Islands."[22]

**1. Only one case in the Virgin Islands is similar to this case.**

The closest the Virgin Islands has come to adopting such a rule regarding a possessor's

duty to those who may travel from the property into a public roadway is in *Simkins v. Gov't of the*

---

[20] Restat. 2d of Torts § 349.

[21] *See Curl v. Indian Springs Natatorium*, 97 Idaho 637, 638 (1976) (The dangerous condition in this case was an iron grill on the road that was installed by the highway district); *Lane v. Groetz*, 108 N.H. 173, 175 (1967) (The dangerous condition in this case was ice on the public sidewalk); *Walinsky v. St. Nicholas Ukrainian Catholic Church*, 740 A.2d 318, 319 (Pa. Cmwlth. 1999) (The dangerous condition in this case was an icy public road); *Kuzmicz v. Ivy Hill Apts.*, 147 N.J. 510, 512 (1997) (The dangerous condition in this case was an assault that occurred when the plaintiff was traveling through an adjacent vacant lot); *HNMC v. Chan*, 683 S.W.3d 373, 379 (Tex. 2024) (The dangerous condition in this case was a careless third-party driver); *Bradley v. O'Donoghue*, 216 Fed. Appx. 150, 152 (3d Cir. 2007) (The dangerous condition in this case was the safety of the ingress and egress to the restaurant); *Pentecost v. Ansan Corp.*, 136 So. 2d 667, 668 (3d. Cir. 1962) (The dangerous condition in this case was a small pipe embedded in the sidewalk).

[22] *Gov't of the Virgin Islands v. Connor*, 60 V.I. 597 (2014).

*Davis v. University of Virgin Islands, et. al.*
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 9 of 17

Cite as 2024 VI Super 46U

*Virgin Islands.*[23] In *Simkins*, the court adopted the majority rule that a "property owner or leasee owes no duty to individuals for the condition of public sidewalks abutting that property, when the property owner or leasee has taken no action to create the dangerous condition."[24] In their reasoning, the court states that "the Court cannot find that placing the burden of maintaining public property on adjacent Virgin Islands property owners and possessors is the best rule for the Virgin Islands."[25] However, *Simkins* limits this rule to public sidewalks. Whereas, in this case, the injury occurred on a public roadway that runs through the campus of the University of the Virgin Islands. Furthermore, the dangerous condition in *Simkins* was a poorly maintained manhole cover *on* the sidewalk.[26] In this case, the alleged dangerous condition is the lack of an enclosure on the property owned by UVI. However, should the jury determine that the traffic on Julian Jackson Drive was the dangerous condition, not a lack of enclosure around the field, then that would be condition on the public roadway similar to that in *Simkins*.

2. **A majority of jurisdictions rely on their own common law in determining the duty of care a land possessor owes to someone injured on an adjacent public roadway, or they apply Restatement (Second) of Torts § 349 in cases where the alleged dangerous condition is on the public roadway.**

While UVI cites many cases in several different jurisdictions, none of the cases cited addresses the scenario proposed by the Plaintiffs: that a dangerous condition on the landowner's property resulted in harm off the premises and on a public roadway.[27] But UVI proposes the

---

[23] 62 V.I. 76 (V.I. Super. Ct. 2014).

[24] *Simkins v. Gov't of the Virgin Islands.* 62 V.I. 76, 83 (V.I. Super. Ct. 2014). The court relied on Restat. 3d of Torts: Liability for Physical and Emotional Harm. § 54(c).

[25] *Id.*

[26] *Id.* at 78.

[27] *See supra* note 21.

*Davis v. University of Virgin Islands, et. al.*  Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 10 of 17

adoption of Restatement (Second) of Torts § 349, which states that land possessors are not liable to those injured on public highways as long as the land possessor did not create the harm.[28] The court agrees this rule is applicable when a jury finds that a dangerous condition is not on a landowner's property, but on a public roadway. And if a jury finds that the only dangerous condition in this case was the traffic on Julian Jackson Drive, this case would closely align with the majority of jurisdictions that apply Restatement (Second) of Torts § 349.

Separately, in researching and determining what duty of care UVI would owe the Plaintiffs if the jury determines that the lack of enclosure is a dangerous condition, the court considered Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 54, which states:

> (a) The possessor of land has a duty of reasonable care for artificial conditions or conduct on the land that poses a risk of physical harm to persons or property not on the land.
>
> (b) For natural conditions on land that pose a risk of physical harm to persons or property not on the land, the possessor of the land (1) has a duty of reasonable care if the land is commercial; otherwise (2) has a duty of reasonable care only if the possessor knows of the risk or if the risk is obvious.[29]

If a jury determines that the lack of enclosure was a dangerous condition, this Restatement section, on its face, is better applicable to the Plaintiffs' assertions in this case as it defines the land possessor's duty of care to those injured off premises when the dangerous condition was on premises.[30]

In California, the court held that "a landowner's duty of care to avoid exposing others to a risk of injury is not limited to injuries that occur on premises owned or controlled by the

---

[28] *See* Restat. 2d Torts § 349.

[29] The court in the *Simkins* case used Restat. 3d of Torts: Liability for Physical and Emotional Harm § 54(c) in their *Banks* analysis, ultimately adopting it as the applicable duty in that case. *See supra* note 24.

[30] Of course, a jury would have to decide if the lack of enclosure was a dangerous condition and whether UVI was aware of the risk or the risk was obvious.

*Davis v. University of Virgin Islands, et. al.*
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 11 of 17

Cite as 2024 VI Super 46U

landowner."[31] California reasoned that a landowner's duty of care "encompasses a duty to avoid exposing persons to risks of injury that occur off site if the landowner's property is maintained in such a manner as to expose persons to an unreasonable risk of injury offsite."[32]

In New Hampshire, the Supreme Court held that "for a duty to exist on the part of a landowner, it must be foreseeable that an injury might occur as a result of the landowner's actions or inactions."[33] In fact, the New Hampshire court has "never ruled that as a matter of law, if the injury occurs outside the boundaries of one's property, an owner can never be liable," because that would "violate the general principles of negligence law embodied in cases such as *Palsgraf* and *Ouellette*."[34]

In Florida, the court held that "the general standard of care which the common law places on all landowners to protect invitees under a wide spectrum of circumstances can authorize a case-specific standard of care requiring protection of invitees on nearby property if the landowner's foreseeable zone of risk extends beyond the boundaries of its properties."[35]

In New Mexico, the court held that "an owner or occupier of property has a duty to maintain the property in a safe condition, and that the duty to avoid creating or permitting an unsafe condition to exist on the premises is not limited by the physical boundaries of the lands."[36] The New Mexico Supreme Court also held that "an occupier of premises 'owes a duty to safeguard

---

[31] *Barnes v. Black*, 71 Cal. App. 4th 1473, 1478 (1999).

[32] *Id.* The court does not cite to the Restatement, this decision was based on California common law.

[33] *Kellner v. Lowney*, 145 N.H. 195, 198 (2000).

[34] *Id.* at 197-8.

[35] *Johnson v. Howard Mark Productions, Inc.*, 608 So. 2d 937, 938-9 (2d DCA 1992). This case cites to Restat. 2d of Torts § 371 in its decision. Restat. 2d of Torts § 371 states: "A possessor of land is subject to liability for physical harm to others outside of the land caused by an activity carried on by him thereon which he realizes or should realize will involve an unreasonable risk of physical harm to them under the same conditions as though the activity were carried on at a neutral place."

[36] *Monett v. Dona Ana County Sheriff's Posse*, 114 N.M. 452, 458 (Ct. App. 1992).

*Davis v. University of Virgin Islands, et. al.*                    Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 12 of 17

each business visitor whom the occupier reasonably may foresee could be injured by a danger

avoidable through reasonable precautions available to the occupier of the premises."[37]

3.    **The soundest rule for the Virgin Islands is that: a possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by the land possessor's failure to exercise reasonable care to maintain the highway or way in a safe condition, or to warn them of dangerous conditions in the way which were not created by the land possessor but are known to him and which he knew the traveler or persons lawfully using the roadway are not likely to discover. However, if the lack of enclosure on the athletic field is determined by a jury to be a dangerous condition, the land possessor would have a duty of reasonable care if they knew of the risk or the risk was obvious.**

The plaintiffs presented the court with two different theories as to what the alleged

dangerous condition is. Whether the dangerous condition is the lack of enclosure on UVI's athletic

field or the traffic on the road, or both, is determinative of what duty of care, if any, UVI owed to

the Plaintiffs. In deciding the soundest rule for the Virgin Islands to adopt, the court looked closely

at two cases: *Simkins v. Gov't of the V.I.*[38] and *Machado v. Yacht Haven U.S.V.I., LLC.*[39]

*Simkins* applied Restatement (Third) of Torts: Liability for Physical and Emotional Harm

§ 54(c) when deciding whether a property owner was liable to a person injured on a public sidewalk

adjacent to their property. The court found that a property owner is not liable to a person injured

on a public sidewalk adjacent to their property unless they created the risk.[40] At first blush it

appears logical for this court to adopt the same Restatement section when dealing with a person

injured on a public roadway. However, Restatement (Third) of Torts: Liability for Physical and

---

[37] *Id.* (quoting *Klopp v. Wackenhut Corp.,* 113 N.M. 153, 157 (1992).

[38] 62 V.I. 76 (V.I. Super. Ct. 2014).

[39] 61 V.I. 373 (V.I. 2014).

[40] *Simkins v. Gov't of the Virgin Islands,* 62 V.I. 76, 83 (V.I. Super. Ct. 2014).

*Davis v. University of Virgin Islands, et al.*                    Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 13 of 17

Emotional Harm § 54 would not apply if the lack of enclosure on the property is not a dangerous condition because that Restatement section is limited to dangerous conditions on the land. Whereas the traffic on Julian Jackson Drive would not be a condition on UVI's land.

*Machado* held that "the foreseeability of harm 'is the touchstone of the existence of [a land possessor's] duty of reasonable or ordinary care'" in premises liability actions.[41] The Court went on to reason that "holding a land possessor to a uniform duty of reasonable care with respect to all entrants on the land does not impose 'strict' or 'limitless' liability."[42] Nowhere does *Machado* place physical limits on the foreseeability of harm. Thus, if it was foreseeable that the harm would occur, then whether the harm occurred on or off the premises should not be as relevant in determining liability.

If the lack of enclosure is determined to be a dangerous condition, Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 54 is the soundest rule for the Virgin Islands as it best defines the duty of land possessors with a dangerous condition on the land to those not on the land possessor's land and closely aligns with the purpose of foreseeable premises liability set out in *Machado*.

However, if a jury decides the lack of enclosure, nor any other condition on the athletic field, are not dangerous conditions, the soundest rule for the Virgin Islands to adopt would be Restatement (Second) of Torts § 349 because it closely aligns with the ruling in *Simkins* and follows what a majority of jurisdictions are doing. Thus the soundest rule for the Virgin Islands is that: a possessor of land over which there is a public highway or private right of way is not subject

---

[41] *Machado v. Yacht Haven Grande U.S.V.I., LLC*, 61 V.I. 373, 386 (V.I. 2014) (quoting *Perez v. Ritz-Carlton (Virgin Islands), Inc.*, 59 V.I. 522, 533 (V.I. 2013)).
[42] *Id.* at 389.

*Davis v. University of Virgin Islands, et. al.*          Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 14 of 17

to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by the land possessor's failure to exercise reasonable care to maintain the highway or way in a safe condition, or to warn them of dangerous conditions in the way which were not created by the land possessor but are known to him and which he knew the traveler or persons lawfully using the roadway are not likely to discover.

## II.    There is a genuine dispute of material fact that UVI is a land possessor that owed Plaintiffs a duty of reasonable or ordinary care at the time of the incident.

There is no dispute that the Government of the Virgin Islands owns and controls the public roadway—Julian Jackson Drive—upon which the accident occurred, that Julian Jackson Drive is a public roadway, that it is not owned by UVI, and UVI does not have the authority to set the speed limit, add speed bumps, or install any signage to regulate traffic.

Thus, UVI argues it did not owe Plaintiffs a duty of reasonable or ordinary care as a land possessor since the injury occurred on a public roadway over which UVI had no control.

Plaintiffs respond by arguing that their premises liability claim is based on UVI's failure to fence or enclose the field to separate it from the adjacent road that UVI knew posed a significant danger to pedestrians on its property. Plaintiffs' premises liability claim against UVI does not argue that UVI had any control to make the public road better. Nor do Plaintiffs allege UVI created any hidden danger on the road. As stated previously, whether the lack of enclosure was a dangerous condition is a disputed fact that must be determined by the jury.

*Davis v. University of Virgin Islands, et. al.*
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 15 of 17

Cite as 2024 VI Super 46U

*Machado v. Yacht Haven U.S.V.I., LLC,*[43] stated that "the foreseeability of harm 'is the touchstone of the existence of [a land possessor's] duty of reasonable or ordinary care.'"[44] The Court further explained that foreseeability means that "if a possessor could anticipate that the conditions on its property would result in injury to those foreseeably using the property, the possessor can be held liable for those injuries."[45] This closely aligns with Restatement (Third) of Torts: Liability for Physical and Emotional Harm § 54, which defines the duty of care a land possessor owes to persons injured off the premises.

A lack of enclosure would not be an artificial condition of the land, so subsection (a) would not apply. In addition, there are no facts on the record asserting that the athletic field is a commercial property. Indeed, the testimony from UVI's Rule 30(b)6 witness is that the soccer field was open to the public. Thus, if a jury finds the lack of enclosure is a dangerous condition, a jury could decide that UVI had a duty of reasonable care to protect against known or obvious risks of which the public might not be aware.

The Plaintiffs assert that the land possessor (UVI) could anticipate that the conditions on its property would result in injury to those foreseeably using the property.[46] There is evidence that UVI was aware of the harm that could come to University students crossing Julian Jackson Drive, which is the reason UVI asked the Department of Public Works to install signage and speed bumps, but there is nothing in the record stating that the UVI was aware that children were running into

---

[43] *Id.*

[44] *Id.* at 386 (citing *Perez,* 59 V.I. at 533).

[45] *Id.* at 394.

[46] *See* Pl.'s Opp., Exh. J., Konnor Kendall dep., at p. 53; Exh. H., Arthur LaFranchise dep., at pp. 26-27, 51-52, 58-63; and Exh. K., Adalio Araujo dep., at pp. 8-10, 12, 15-16, 46, 62, 64-65.

*Davis v. University of Virgin Islands, et. al.*    Cite as 2024 VI Super 46U
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 16 of 17

the roadway after soccer balls or that they could be harmed.[47] Therefore, whether UVI had knowledge of this risk or whether it was obvious is a disputed fact to be determined by a jury.

UVI argues that they lacked control over the conditions that caused Tariq's injuries because they do not control the adjacent public roadway. Assuming that the lack of enclosure is not a dangerous condition, the duty of care owed by UVI would be defined by Restatement (Second) of Torts § 349, which states:

> [a] possessor of land over which there is a public highway or private right of way is not subject to liability for physical harm caused to travelers upon the highway or persons lawfully using the way by his failure to exercise reasonable care
> (a) to maintain the highway or way in a safe condition for their use, or
> (b) to warn them of dangerous conditions in the way which, although not created by him, are known to him and which they neither know nor are likely to discover.[48]

There are no facts on the record stating that UVI took any action that made the public roadway itself dangerous nor that they took any affirmative action to maintain the roadway in a safe condition for use. However, it is undisputed that UVI knew the traffic on the road was dangerous for its students, but it would be improper for the court to—without more—conclude that the Plaintiffs did not know of the danger nor were likely to discover.

## CONCLUSION

Given the analysis herein, the court finds that Defendant UVI is not entitled to judgment as a matter of law. The court finds that the Plaintiffs have provided sufficient facts showing a genuine dispute exists as to Defendant's duty of reasonable or ordinary care as a land possessor

---

[47] *See* Pl.'s Opp., Exh. E., Shirley Lake-King Rule 30(b)(6) dep., at p. 51-55.
[48] Restat. 2d Torts § 349.

*Davis v. University of Virgin Islands, et. al.*
Case No. ST-2009-CV-00070
Memorandum Opinion – UVI's Motion for Summary Judgment
Page 17 of 17

Cite as 2024 VI Super 46U

for the purposes of Plaintiffs' premises liability action. While the injury occurred off the premises, on a public roadway, UVI's duty of care is dependent on whether there was a dangerous condition on the premises that caused the injury off the premises. Further, even if such a condition did not exist, the court is precluded from granting summary judgment as there is insufficient information to determine if the Plaintiffs knew of the danger of the public roadway or were likely to discover such danger. Accordingly, the Defendant's Motion for Summary Judgment is denied.

An Order consistent with this Memorandum Opinion will be entered.

DATED:  October 29 , 2024

**Kathleen Mackay**
Judge of the Superior Court
of the Virgin Islands

**ATTEST:**
**TAMARA CHARLES**
Clerk of the Court

BY: _____
**LATOYA CAMACHO**
Court Clerk Supervisor 10 / 29 / 2024